IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION


Stephen A. Lassak,            :

    Plaintiff,            :

    v.                    :    Case No. 2:06-cv-1021

American Defense Systems, Inc.:    JUDGE WATSON

    Defendant.            :


ORDER

    Plaintiff, Stephen A. Lassak, filed this employment case alleging that, after his employment with defendant American Defense Systems, Inc. (ADSI) was terminated, he was not paid certain severance payments and wages which were due to him under the parties' employment agreement.  The case is currently before the Court to consider ADSI's motion to transfer the case to the United States District Court for the Eastern District of New York pursuant to 28 U.S.C. §1404(a).  For the following reasons, the motion will be granted.

I.

    The facts which are pertinent to the Court's decision are set forth in affidavits filed both in support of and in opposition to the motion.  For the most part, the pertinent facts are undisputed and are set forth below.

    Mr. Lassak lives in Dublin, Ohio and has lived there since 1984.  For a short time before he went to work for ADSI as an employee on March 1, 2003, he worked for the company as a consultant.  In his affidavit, Mr. Lassak states that at the time he became an ADSI employee, the company had no official headquarters, but its business address was the same address of

its CEO and principal shareholder, Anthony Piscitelli, who lived in Long Island, New York.

In August, 2004, ADSI opened an office in Hicksville, New York. Mr. Lassak continued to work for ADSI until October, 2006. According to Mr. Piscitelli's second affidavit, which was filed with the reply memorandum, Mr. Lassak then rented an apartment on Long Island and occupied that apartment when he was in New York. Also according to that affidavit, Mr. Lassak was present in the New York office of ADSI from Monday through Friday of each work week except when he decided to travel to Ohio to conduct personal business. Mr. Lassak characterizes his work during this period of time slightly differently, contending that he was instructed to travel to Ohio from time to time to do ADSI business, including working with an insurance company to set up certain insurance for ADSI's executives. There is no dispute that ADSI has business contacts and business clients in states other than New York, including in Ohio, and that Mr. Lassak dealt with some of these contacts.

In his initial affidavit, Mr. Piscitelli stated that other than Mr. Lassak or his wife, all of the potential witnesses in this case are employed by ADSI at its Hicksville, New York office. Mr. Lassak argues in his responsive memorandum (but does not state in his affidavit) that the witnesses in this case are located in various states. In the affidavit attached to the reply memorandum, Mr. Piscitelli is more specific about the witnesses who will be called. They include ADSI's Chief Operating Officer, Russell Scales, who resides in North Carolina but is in New York four days each week for business; John Rutledge, ADSI's Vice President of Sales, who lives in Virginia but is relocating to Long Island; Mr. Piscitelli himself, who lives on Long Island; and five other witnesses, all of whom either reside in New York and routinely work at ADSI's Hicksville

office or who are in the process of moving to New York. It appears that there is no dispute that a majority of the potential witnesses in this case either work or live in New York and that the only Ohio witnesses would be Mr. Lassak and his wife.

None of the affidavits filed identify any significant number of documents which will be at issue in this case. Those documents which do exist and which are within ADSI's possession are located in New York. The parties have not submitted any information about the relative docket congestion between the two competing jurisdictions. Finally, Mr. Lassak concedes that the applicable employment agreement is governed by New York law. It is with these facts in mind that the motion to transfer venue will be decided.

## II.

The general principles relating to a transfer of venue under 28 U.S.C. §1404(a) have been extensively discussed in various Court of Appeals and District Court decisions within the Sixth Circuit. The purposes of transferring a case from one federal district to another, where venue is proper in each, are to permit access to proof with greater ease, to allow witnesses to attend a trial, to enhance enforceability of any judgment rendered, and otherwise to permit a transfer when to do so would further the goal of a fair and efficient trial and remove any obstacles thereto. <u>Holiday Rambler Corp. v. American Motors Corp.</u>, 254 F.Supp. 137 (W.D. Mich. 1966). Providing for a change of venue allows the Court to prevent unnecessary waste of time, energy and money and to protect witnesses and the public against unnecessary inconvenience and expense. <u>Rowe v. Chrysler Corp.</u>, 520 F.Supp. 15 (E.D. Mich. 1981).

However, when balancing those various factors, the Court does not start with the assumption that the case should proceed in whichever forum is slightly more advantageous to the parties

or the witnesses.  Rather, it has long been held that the plaintiff's choice of a forum is entitled to considerable weight, and, consequently, the party moving for a change of venue must demonstrate that the interests served by 28 U.S.C. §1404(a) clearly favor a change of venue.  Sun Oil Co. v. Lederle, 199 F.2d 423 (6th Cir. 1952); International Union of Electrical Radio and Machine Workers v. United Electrical, Radio and Machine Workers of America, 192 F.2d 847 (6th Cir. 1951); Nicol v. Koscinski, 188 F.2d 537, 537 (6th Cir. 1951); Central Investment Corp. v. Mutual Leasing Associates, Inc., 523 F.Supp. 74 (S.D. Ohio 1981); see also U.S. v. Cinemark USA, Inc., 66 F.Supp.2d 881 (N.D.Ohio,1999).  Of course, although "a plaintiff's choice of forum should be given weight when deciding whether to grant a motion to change venue, this factor is not dispositive."  Lewis v. ACB Business Services, Inc., 135 F.3d 389, 413 (6th Cir. 1998).  Nevertheless, unless it can be said that, balancing all appropriate factors, plaintiff's choice of a forum is "clearly...inconvenient," a change of venue should not be ordered.  Texas Eastern Transmission Corp. v. Marine Office--Appleton & Cox Corp., 579 F.2d 561, 568 (10th Cir. 1978).

Typically, of course, where several fora are available in which to try a case, some inconvenience to one or more parties will exist no matter which forum is chosen.  Consequently, if a change of venue serves merely to shift the inconvenience from the plaintiff to the defendant, a change of venue is improper. Raymond E. Danto Associates, Inc. v. Arthur D. Little, Inc., 316 F.Supp. 1350 (E.D. Mich. 1970).  Consistent with that principle, a generalized assertion by a defendant that witnesses reside in, and documents are located in, the proposed transferee district, is generally insufficient to support a change of venue.  Hartford Accident & Indemnity Co. v. Dalgarno Transportation, Inc., 618 F.Supp 1450 (S.D. Miss. 1985).  Rather, the defendant must show a

4

specific hardship involved in transporting documents to the plaintiff's chosen district, see AMF, Inc. v. Computer Automation, Inc., 532 F.Supp. 1335 (S.D. Ohio 1982); Richards v. Upjohn Co., 406 F.Supp. 405 (E.D. Mich. 1976), and must also show that witnesses (usually third party witnesses, rather than employees of the defendants) are unwilling to attend a trial in that forum.  See Gdovin v. Catawba Rental Co., 596 F.Supp. 1325, 1327 (N.D. Ohio 1984); Weltmann v. Fletcher, 431 F.Supp. 448, 451 n.3 (N.D. Ohio 1976).  The Court may also take into account other factors, including which party is more easily able to bear the hardship involved in litigating in a distant forum, Garrett v. Ruth Originals Corp., 456 F.Supp. 376 (S.D. Ohio 1978), where the conduct underlying the plaintiff's claims occurred, the comparative docket congestion in the districts under consideration, and the plaintiff's connection, if any, with the proposed transferee forum.  See Nicol v. Koscinski, supra; Artisan Development v. Mountain States Development Corp., 402 F.Supp. 1312 (S.D. Ohio 1975).  The instant motion for a change of venue will be decided with reference to these principles.

III.

As noted, in this type of case, the plaintiff's choice of forum is entitled to some weight.  Mr. Lassak is an Ohio resident and apparently maintained his residency during the entirety of his employment with ADSI.  Consequently, when the events at issue in this case occurred, Mr. Lassak was an Ohio resident.  His Ohio residency plus his choice of an Ohio forum in which to litigate his claims deserve consideration.

On the defendant's side, ADSI is not an Ohio resident and has never maintained an office in the state of Ohio.  It apparently has done sufficient business in Ohio to subject it to personal jurisdiction in this state and continues to maintain contact with customers in the State of Ohio.  Further, although

5

it did not direct Mr. Lassak to perform any of his job duties in Ohio, it was apparently aware that he did so from time to time and that he was involved in ADSI's Ohio business contacts. Nevertheless, ADSI's out-of-state citizenship, residency, and principal place of business, coupled with the fact that the operative events also occurred in New York, are factors which would favor a transfer.

There does not appear to be a strong public interest in having this case litigated in Ohio.  Although the plaintiff is an Ohio resident, Ohio law does not apply to this case, nor is there any public policy which would suggest that Ohio law ought to apply.  Further, the official, site of Mr. Lassak's employment was outside the State of Ohio and his affidavit does not establish that he spent the majority of his time with ADSI working in Ohio or with Ohio customers or contacts.  Further, he maintained a second residence in New York.  New York, by contrast, may have some interest in having its law (which was chosen by the parties in a freely-negotiated contract) apply to employment disputes between New York-based employers and their employees.  Consequently, if there are any public policy interests at issue in this case, they favor a transfer to New York.

There is no information in the record concerning docket congestion.  Consequently, there would appear to be no interest relating to the prompt processing of cases which would be implicated either by retention or transfer of the case.

With respect to the witnesses, it appears that only Mr. Lassak and his wife reside in Ohio.  ADSI has identified a number of other witnesses who will testify about the operative events. The majority of them reside in New York.  Others reside in states which are either closer to New York than to Ohio or are in the process of relocating to New York.  The key documents also appear

6

to be located in New York. Although it is true that all the witnesses could be compelled to testify at a deposition and that ADSI's witnesses might voluntarily agree to appear in Ohio for trial, it is clear that to the extent that the interests of the witnesses and the convenience of the evidence are concerned, trial in New York would be more convenient to them.

This is a close case. The case does not involve a situation where a large number of documents or an extraordinary number of witnesses are located at great distances from the plaintiff's chosen forum. On the other hand, it appears that the only factor that would favor retention of this case in Ohio is Mr. Lassak's Ohio residence. Although he chose to maintain that residence while employed by ADSI, he also agreed to work for a company which was and is headquartered in New York, agreed to spend the majority of his time working in New York, rented an apartment in New York, and has sued about an event which occurred in New York and which will be evaluated under New York law. Given the tenuous relationship of this case to Ohio and the fact that there are identifiable and specific interests which favor a transfer, the Court concludes that this is an appropriate case for transfer under §1404(a). See generally Bell v. K-Mart Corp., 848 F.Supp. 996 (N.D. Ga. 1994).

IV.

Based upon the foregoing, defendant's motion to transfer venue (#6) is granted. This case is transferred to the United States District Court for the Eastern District of New York.

Any party may, within ten (10) days after this Order is filed, file and serve on the opposing party a motion for reconsideration by a District Judge. 28 U.S.C. §636(b)(1)(A), Rule 72(a), Fed. R. Civ. P.; Eastern Division Order No. 91-3, pt. I., F., 5. The motion must specifically designate the order or part in question and the basis for any objection. Responses to

objections are due ten days after objections are filed and replies by the objecting party are due seven days thereafter. The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

This order is in full force and effect, notwithstanding the filing of any objections, unless stayed by the Magistrate Judge or District Judge.  S.D. Ohio L.R. 72.4.

/s/ Terence P. Kemp
United States Magistrate Judge